UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, LLC, </br>    Petitioner, </br></br>v. </br></br>MATTHEW M. BEAVER, </br>    Respondent. | Civil Action No. _____ |

# VERIFIED PETITION TO CONFIRM ARBITRATION AWARD

### NATURE OF APPLICATION

1. Pursuant to the Federal Arbitration Act, 9 U.S.C. §9 ("FAA"), the Petitioner, Ameriprise Financial Services, LLC ("Ameriprise Financial"), requests that the Court confirm an arbitration award and enter judgment in conformity therewith against the Respondent, Matthew M. Beaver ("Beaver").

### PARTIES, JURISDICTION, AND VENUE

2. Ameriprise Financial is a limited liability company organized under the laws of Delaware and headquartered in Minneapolis, Minnesota. Ameriprise Financial is a leader in the financial planning and wealth management industry, and is a registered broker-dealer and member of the Financial Industry Regulatory Authority ("FINRA"). Ameriprise Financial is licensed to do business in the state of Missouri.

3. Petitioner was previously known as Ameriprise Financial Services, Inc.

4. Ameriprise Financial's sole member is AMPF Holding Corporation, a corporation organized under the laws of Michigan and whose principal place of business is Minnesota.

5. Beaver is a natural person who, upon information and belief, is a resident of the County of Saint Louis in the State of Missouri.

6. The underlying arbitration was conducted in Saint Louis, Missouri.

7. This court has jurisdiction over these proceedings pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. An application to this court to confirm an arbitration award may be made pursuant to 9 U.S.C. §9 as no court was specified in the parties' arbitration agreement.

8. Venue is proper in this district pursuant to 9 U.S.C. §9 and 28 U.S.C. §1391(b)(2) as this is the judicial district wherein the underlying arbitration occurred.

BACKGROUND, ARBITRATION, AND AWARD

9. Beaver was previously an employee of Ameriprise Financial. Beaver's employment was terminated on or around January 3, 2018.

10. After Beaver's employment with Ameriprise Financial ended, Ameriprise Financial initiated arbitration against Beaver in the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution forum as Case Number 18-00515 for claims arising under two promissory notes.

11. Ameriprise Financial and Beaver each executed a submission agreement in which the parties agreed to submit their claims to arbitration. A copy of the submission agreement signed by Beaver is attached as Exhibit 1.

12. The arbitration was conducted pursuant to the rules of FINRA.

13. On March 13, 2020, arbitrators David F. Barrett, Stuart W. Smith, and Stephen Wayne Medlin unanimously issued an arbitration award ("Award") against Beaver and in favor of Ameriprise Financial. A copy of the Award is attached as Exhibit 2.

14. In the Award, the arbitrators determined that Beaver was liable for and shall pay to Ameriprise Financial:

    a. $534,699.21 in compensatory damages for Note #1, along with $22,853.20 in pre-award interest thereon;

    b. $109,741.37 in compensatory damages for Note #2, along with $4,011.92 in pre-award interest thereon;

    c. $75,000.00 in attorney's fees; and

    d. $1,250 in costs.

15. The Award further stated that Beaver was liable for and shall pay to Ameriprise Financial:

    a. Post-award interest at the rate of 2.01% per annum on the $534,699.21 in compensatory damages for Note #1; and

    b. Post-award interest at the rate of 1.72% per annum on the $109,741.37 in compensatory damages for Note #2.

16. All parties were served the Award on March 13, 2020.

17. The Award was obtained pursuant to the agreement of the parties, the rules of FINRA Dispute Resolution, and the governing law.

18. To date, Beaver has not complied with the Award and has failed to pay the amount due thereunder.

Relief Requested

19. Pursuant to the submission agreement and the Award, judgment upon the Award may be entered by this Court. Furthermore, pursuant to 9 U.S.C. §9, a party may petition the Court to confirm the Award.

20. The court must grant such an order unless the award is vacated, modified, or corrected as prescribed in §§10-11 of the FAA.  9 U.S.C. §9.

21. Notice of motions to vacate, modify, or correct an award must be served within three months after the award is filed or delivered.  9 U.S.C. §12.

22. More than three months have passed since the Award was delivered, and Beaver has neither served nor filed a notice of a motion to vacate, modify, or correct the Award. Accordingly, Beaver is time-barred from moving to vacate, modify, or correct the Award.

23. Accordingly, this Court must confirm the Award.

24. Upon confirmation of the Award, Ameriprise Financial is entitled to an entry of judgment in conformity with the Award pursuant to 9 U.S.C. §13.

Dated: July 10, 2020

    Respectfully submitted,

    SHUMAKER, LOOP & KENDRICK, LLP

    By: */s/ Scott A. La Porta*
    Scott A. La Porta, Esq.
    *Pro Hac Vice Pending*
    0490490(FL)
    slaporta@shumaker.com
    240 South Pineapple Avenue, 10th Floor
    Sarasota, Florida 34236
    Telephone: (941) 366-6660
    Facsimile: (941) 366-3999
    *Counsel for Petitioner*

## VERIFICATION

STATE OF MINNESOTA  §
COUNTY OF ~~HENNEPIN~~ Washington  §
  §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Karen Eberhardt, who being by me duly sworn on her oath deposed and said that she is Senior Director of the Advice & Wealth Management Finance Division of Ameriprise Financial, Inc. and is an authorized agent of Ameriprise Financial Services, LLC; that she has read the foregoing Petition to Confirm Arbitration Award; and that every statement of fact contained therein is within her personal knowledge or based upon documents within her possession, and is true and correct.

_____
Karen Eberhardt

    SUBSCRIBED AND SWORN TO before me by the said Karen Eberhardt on this 7th day of July, 2020.

_____
Notary Public, State of Minnesota

KARI M BLAIR
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2024

My Commission Expires: 1/31/2024

Kari M. Blair
Typed/Printed Name of Notary Public

5